**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTH DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **OMARIOUS FANN, on behalf of himself and others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**GOCHA'S BREAKFAST BAR LLC d/b/a GOCHA'S BREAKFAST BAR, a Domestic Limited Liability Company, and TASHALA GOCHA HAWKINS, an individual**<br><br>**Defendants.** | **CIVIL ACTION FILE NO:**<br>**FLSA Collective Action** |

**COMPLAINT FOR DAMAGES AND JURY DEMAND**

Plaintiffs OMARIOUS FANN, on behalf of himself and others similarly situated (collectively "Plaintiffs"), by and through the undersigned counsel hereby files this Complaint against GOCHA'S BREAKFAST BAR LLC d/b/a GOCHA'S BREAKFAST BAR, a Domestic Limited Liability Company, and TASHALA GOCHA HAWKINS, an individual, (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

The Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") was passed by Congress in 1938. "The principal congressional purpose in enacting the [FLSA] was to protect all covered workers from substandard wages and oppressive working

hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981) (quoting 29 U.S.C. § 202(a)). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendants minimum wage compensation, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every employee who was subject to the Defendants' FLSA violation(s) within the past three (3) years.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA and 28 U.S.C. § 1331.

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred within the jurisdiction of this Court.

**PARTIES**

5. Plaintiff Omarious Fann ("Fann" or "Plaintiff") resides in this District and is a former employee of Defendants, having been employed by Defendants from approximately August 2025 to February 2026.

6. Plaintiff is/was employee of Defendants within the meaning of the FLSA.

7. Plaintiffs are all current or former servers who worked at Defendants' restaurant, located at 3695 Cascade Rd. SW, Atlanta, GA 30331, at any time starting three (3) years before this Complaint was filed, up to the present.

8. Defendant GOCHA'S BREAKFAST BAR LLC d/b/a GOCHA'S BREAKFAST BAR ("Gocha Breakfast Bar") is a Georgia Domestic Limited Liability Corporation with its principal place of business and principal office address located at 1283 Blairwood Ct., Atlanta, GA 30331. At all times material hereto (2023-2026), Defendant Gocha Breakfast Bar is/was an "employer" or "joint employer" of Plaintiffs as defined by the FLSA, 29 U.S.C. § 203(d) and (g). Defendant Gocha Breakfast Bar may be served by and through its registered agent, Tashala Gocha Hawkins 4073 Lyon Blvd. SW, Atlanta, GA 30331.

9. Defendant Tashala Gocha Hawkins ("Gocha Hawkins") is, on information and belief, an owner, operator, and Chief Executive Officer of Gocha Breakfast Bar. She is subject to the personal jurisdiction of this Court and may be personally served at 2440 Spalding Dr., Atlanta, GA 30350-3618, or wherever she may be found.

10. Defendants may be served under Rule 4 of the Federal Rules of Civil Procedure.

## COVERAGE

11. At all material times during the last three years (2023-2026), Defendant Gocha Breakfast Bar was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

12. At all material times during the last three years (2023-2026), Defendant Gocha Breakfast Bar was an employer as defined by 29 U.S.C. § 203(d).

13. At all material times during the last three years (2023-2026), Defendant Gocha Breakfast Bar has had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00), exclusive of excise taxes at the retail level which are separately stated.

14. At all material times during the last three years (2023-2026), Defendant Gocha Breakfast Bar has had two or more employees engaged in interstate commerce, producing goods for commerce, or handling, selling or otherwise

working on goods or materials that have been moved in or produced for such commerce.

15. At all material times during the last three years (2023-2026), Defendant Gocha Breakfast Bar has had two or more employees who routinely ordered materials or supplies such as office supplies and equipment, food service products, and food preparation products from out of state vendors.

16. At all material times during the last three years (2023-2026), Defendant Gocha Breakfast Bar has had two or more employees who used the telephone and/or computers to place and accept business calls with out of state vendors on a daily basis in the normal course of its business.

17. Additionally, Plaintiff Fann was an employee of Gocha Breakfast Bar and, at all times relevant to this action (2023-2026), individually engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1) as Plaintiff was required to communicate with out of state customers and accept payment from customers using credit cards issued by out of state financial institutions on a daily basis.

18. At all times relevant to this action, Defendant Gocha Hawkins regularly exercised the authority to hire and fire employees of Gocha Breakfast Bar.

19. At all times relevant to this action, Defendant Gocha Hawkins determined the work schedules for the employees of Gocha Breakfast Bar.

20. At all times relevant to this action, Defendant Gocha Hawkins controlled the finances and operations of Gocha Breakfast Bar.

21. By virtue of having regularly exercised that authority on behalf of Gocha Breakfast Bar, Defendant Gocha Hawkins is an employer as defined by 29 U.S.C. § 201 *et seq*.

22. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiff Fann, and those similarly situated, are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

23. During the three years prior to the filing of this Complaint, Defendant owned and operated a restaurant located in Atlanta, Georgia.

24. Gocha Breakfast Bar is a bar and restaurant that offers food and drinks.

25. Defendants employ several servers, hosts, bussers, runners, and bartenders.

26. Plaintiff worked for the Defendants as a server from approximately August 2025 to February 2026.

27. Plaintiff was paid an hourly rate of $2.13.

28. On August 8, 2025, Defendant hired Plaintiff as a server, where he was paid $2.13 an hour.

29. Plaintiff was required to participate in an invalid tip pool as he had to tip-out each shift Defendants' (1) managers, (2) bartenders, service bartenders, and bussers at 5%, and (3) food runners at 3%.

30. Moreover, Defendants did not pay Plaintiff the federally mandated overtime rate of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek

31. During his tenure, Plaintiff also worked from Defendants' food truck at times rather than from the restaurant.

32. While working in the food truck, Plaintiff was supposed to receive a service charge for each takeout order.

33. Despite this, Plaintiff was required to tip out as if he were working inside the restaurant.

34. Plaintiff worked for Defendant as a food runner at times as well.

35. However, Defendant continued to compensate Plaintiff at a rate of $2.13 per hour as a food runner instead of the typical hourly rate food runners are customarily paid.

36. Plaintiff complained to his manager regarding the tip-out and wages issues described herein, and in response, he was sent home.

37. Shortly thereafter, on February 23, 2026, Defendant terminated Plaintiff.

38. Defendant falsely claimed that the termination was due to performance and behavioral issues.

39. At no time prior to or at hire did Defendants provide Plaintiff with written or oral notice of the FLSA's tip credit provisions, including the amount of the direct cash wage to be paid, the additional amount claimed as a tip credit, or the requirement that tips be retained by the employee.

40. Defendants therefore forfeited any right to claim the tip credit under 29 U.S.C. § 203(m) with respect to Plaintiff and similarly situated employees.

41. At all relevant times, Plaintiff and similarly situated employees have not been subject to any exemption from the minimum wage pay requirements of the FLSA.

42. At no time during his employment with Defendants was Plaintiff compensated on a salary basis.

43. Throughout Plaintiff's employment, Defendants failed to notify Plaintiff of the provisions of FLSA § 3(m), 29 U.S.C. § 203(m).

44. Throughout Plaintiff's employment, Defendants required Plaintiff and other tipped Gocha Breakfast Bar employees to share tips with "back of house" Gocha Breakfast Bar employees.

45. Defendants jointly owned, operated, and managed Gocha Breakfast Bar and were all involved in the day-to-day operation of Gocha Breakfast Bar.

46. At all relevant times, Defendants were not entitled to utilize the FLSA's tip credit provision to credit Plaintiff's tips towards a portion of their minimum wage obligations.

47. Defendants did not give Plaintiff and other servers written notice that intended to pay them through a tip credit (less than minimum wage plus tips) before applying the tip credit to their wages.

48. Defendants did not give Plaintiff and other servers oral notice that it intended to pay them through a tip credit (less than minimum wage plus tips) before applying the tip credit to their wages.

49. In each workweek during the relevant time, Defendants failed to compensate Plaintiff at or above the federal minimum wage of $7.25 per hour for each hour worked.

50. Defendants have employed and are currently employing other individuals such as Plaintiff who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

51. On multiple occasions, Plaintiff and the class members complained to Defendants regarding Defendants' illegal tip-out practices and other compensation issues.

52. Following Plaintiff's complaints, Defendants terminated his employment.

53. In response, upon information and belief, Defendants retaliated against the class members through, for instance, suspension(s), adjustment in work schedule(s), and/or termination of employment.

54. Defendants' failure and/or refusal to properly compensate Plaintiff and the class members at the rates and amounts required by the FLSA were willful.

55. Defendants' retaliatory conduct against Plaintiff and the class members for complaining about Defendants' pay practices was willful.

## COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff and the class members performed the same or similar job duties as one another in that they provided restaurant services for Defendants.

57. Plaintiff and the class members were paid by the hour.

58. Plaintiff and the class members were paid less than minimum wage.

59. Plaintiff and the class members were paid tips.

60. Plaintiff and the class members were required to tip back of house Gocha Breakfast Bar employees each shift in violation of the FLSA's requirement that minimum wages be paid "free and clear."

61. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were subject to working without receiving proper compensation in the form of a free and clear minimum wage.

62. Defendants' common policy violations have caused Plaintiff and the class members to receive less than minimum wage for all hours worked.

63. Thus, the class members are similar with regard to their wages for the same reasons as Plaintiff.

64. These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of federally mandated minimum wages to Plaintiff apply to all class members. Accordingly, the class members are properly defined as:

> **All persons who were, or are, employed by Defendants as servers, or performing materially similar work as servers, at any time within three years prior to the filing of this Complaint.**

65. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff and the class members at a rate of at least the statutorily prescribed minimum wage.

66. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

67. During the relevant period, Defendants violated § 7(a)(1), § 15(a)(2) and § 203(m), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at the statutorily prescribed minimum wage within a work week during one or more weeks or for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

68. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

69. Plaintiffs and others similarly situated (the "FLSA Collective Action Members"), are individuals who are current and former employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

70. Questions that are common among the FLSA Collective Action Members include, but are not limited to:

a. whether Defendants have, and continue to, unlawfully refuse to pay their servers proper compensation, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq*., for all work performed;
b. whether Defendants' failure to pay such proper compensation is willful within the meaning of the FLSA.

71. There are numerous similarly situated current and former servers employed by Defendants in venue(s) owned and/or operated by Defendants who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable by Defendants' records.

72. Each of the named Plaintiffs consented to sue in this action pursuant to the FLSA, 29 U.S.C. § 216(b). Additional potential collective action members may execute and file forms consenting to opt-in to join as a plaintiff in the instant action.

73. Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this collective action against Defendants under the FLSA, 29 U.S.C. §§ 201, *et seq*. for failure to pay minimum wage compensation, for unlawfully retaining tips, and for retaliation in violation of the FLSA.

## CAUSES OF ACTION

### COUNT I: FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA, 29 U.S.C. §§ 206 AND 215

**(By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)**

74. Plaintiffs hereby incorporate paragraphs 1-73 above by reference as if fully set forth herein.

75. Each Defendant is an "employer" or "joint employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

76. Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

77. Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

78. Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b).

79. Pursuant to the FLSA, 29 U.S.C. § 206, employers are required to pay its nonexempt employees a minimum wage of seven and 25/100 dollars ($7.25) an hour.

80. The FLSA permits an employer to take a tip credit toward its minimum wage and overtime obligation(s) for tipped employees per Section 3(m)(2)(A) ("Tip Credit").

81. An employer that claims the Tip Credit must ensure that, for each workweek, the employee's combined direct (or cash) wages and customer tips equal or exceed the federal minimum wage of $7.25 per hour as required by the FLSA.

82. An employer that claims the Tip Credit must also provide employees with advance notice of the following information before applying the Tip Credit:

a. the amount of the direct (or cash) wage the employer is paying a tipped employee, which must be at least $2.13 per hour;

b. the additional amount claimed by the employer as a Tip Credit, which cannot exceed $5.12 (the difference between the minimum required direct (or cash) wage of $2.13 and the current minimum wage of $7.25);

c. that the Tip Credit claimed by the employer cannot exceed the amount of tips actually received by the tipped employee;

d. that all tips received by the tipped employee are to be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and

e. that the Tip Credit will not apply to any tipped employee unless the employee has been informed of these Tip Credit provisions.

83. Defendants failed to provide Plaintiffs with the required Tip Credit notice discussed above before applying the Tip Credit to their wages.

84. During the work weeks where Plaintiffs made insufficient or no amount of tips, Defendants violated the Tip Credit provision by compensating Plaintiffs at a rate of $2.13 per hour as opposed to the federally mandated minimum wage of $7.25 per hour.

85. Plaintiffs are/were entitled to be paid minimum wage for each hour worked during their employment with Defendants.

86. Plaintiffs have not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendants because of Defendants' unlawful application of the Tip Credit to their wages.

87. Defendants willfully failed to pay Plaintiffs the minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206 because it was well aware of the minimum wage law requirements but continued its violations.

88. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

89. Defendants are unable to demonstrate good faith compliance with the FLSA as Defendants knew or reasonably should have known of their obligations to pay Plaintiffs at least the federal minimum wage for each hour worked. In fact, upon information and belief, Defendants continued to violate the FLSA long after it learned that its compensation policies were illegal.

90. As a result of Defendants' willful underpayment of minimum wages as alleged above, Plaintiffs are entitled to liquidated damages in accordance with the FLSA, 29 U.S.C. § 216(b).

91. Defendants violated the record keeping requirements of the FLSA.

92. Defendants' violations of the FLSA have resulted in the loss of Defendants' ability to claim the Tip Credit.

93. As a result of its underpayment of minimum wages as alleged above, Defendants are jointly and severally liable to Plaintiffs for their litigation costs, including their reasonable attorneys' fees, in accordance with the FLSA, 29 U.S.C. § 216(b).

**COUNT II: UNLAWFUL TAKING OF TIPS IN VIOLATION OF THE FLSA, 29 U.S.C. § 203**
**(By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)**

94. Plaintiffs hereby incorporate paragraphs 1-73 above by reference as if fully set forth herein.

95. Plaintiffs customarily and regularly received more than thirty U.S. Dollars ($30.00) a month in tips and, therefore, are each a tipped employee as defined in the FLSA, 29 U.S.C. § 203(t). *See also* 29 C.F.R. § 531.50.

96. At all relevant times, each of the Defendants were "employer(s)" or "joint employer(s)" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

97. Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

98. Defendants operate an enterprise engaged in commerce within the meaning for the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in

commerce, and because its annual gross volume of sales made is more than five hundred thousand U.S. Dollars ($500,000).

99. Under the Tip Income Protection Act ("TIPA"):

> [a]n employer may not keep tips received by its employees for any purpose including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not it takes a tip credit. 29 U.S.C. § 203 (m)(2)(B).

100. Defendants kept a portion of tips paid to Plaintiffs by Defendants' customers in the form of fees, fines, mandatory charges and other payments to Gocha Breakfast Bar employees in violation of TIPA.

101. Defendants required Plaintiffs to participate in an illegal tip pool, which included employees who do not customarily and regularly receive tips, and do not have more than a *de minimis*, if any, interaction with customers leaving the tips (such as the back-of-house employees). *See* U.S. Dept. of Labor, Wage and Hour Division, "Fact Sheet # 15: Tipped employees under the Fair Labor Standards Act (FLSA)."

102. The contribution Defendants required Plaintiffs to make after each shift was arbitrary and capricious and distribution was not agreed to by Plaintiffs or other servers, but rather, was imposed upon Plaintiffs and other servers.

103. By requiring Plaintiffs to pool their tips with Gocha Breakfast Bar employees who do not customarily receive tips, including the individual Defendants

named herein, Defendants "retained" a portion of the tips received by Plaintiffs in violation of the FLSA.

104. Defendants did not make any effort, let alone a "good faith" effort, to comply with the FLSA as it relates to compensation owed to Plaintiffs.

105. At the time of their illegal conduct, Defendants knew or showed reckless disregard that the tip-pool which they required Plaintiffs to contribute included non-tipped employees and, therefore, was statutorily illegal. In spite of this, Defendants willfully failed and refused to pay Plaintiffs the proper amount of the tips to which they were entitled.

106. Defendants' willful failure and refusal to pay Plaintiffs the tips they earned violates the FLSA.

107. As a result of the acts and omissions of the Defendants as alleged herein, and pursuant to 29 U.S.C. §§ 216(b) and 260, Plaintiffs are entitled to damages in the form of all misappropriated tips, plus interest, as liquated damages, an amount equal to all misappropriated tips, mandatory attorneys' fees, costs, and expenses.

**COUNT III**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA, 29 U.S.C. § 207**
**(By Plaintiffs Individually and on Behalf of the Collective Against Defendant)**

108. Plaintiffs hereby incorporate paragraphs 1-73 above by reference as if fully set forth herein.

109. Defendant is an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

110. Defendant is engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

111. Defendant operates an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

112. Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b).

113. Defendant failed to pay Plaintiffs the applicable overtime wage for each hour in excess of forty (40) during each workweek in which they worked in violation of the FLSA, 29 U.S.C. § 207.

114. Based upon the conduct alleged herein, Defendant knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs the overtime wage required under the FLSA.

115. Defendant is unable to demonstrate good faith compliance with the FLSA as Defendant knew or reasonably should have known of their obligations to pay Plaintiffs overtime pay for overtime hours worked in a given workweek. In fact,

upon information and belief, Defendant continued to violate the FLSA long after it learned that its compensation policies were illegal.

116. Due to Defendant's FLSA violations, Plaintiffs are entitled to recover from Defendant, overtime wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, 29 U.S.C. § 216(b).

**COUNT IV: RETALIATION IN VIOLATION OF THE FLSA 29 U.S.C. § 215(a)(3)**
**(By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)**

117. Plaintiffs hereby incorporate paragraphs 1-73 above by reference as if fully set forth herein.

118. During their employment with Defendants, Plaintiffs made complaints to Defendants regarding Defendants' illegal compensation policies, including but not limited to Defendants' unlawful taking of a Tip Credit as described above, and, in turn, that they were not being paid a proper wage and expressed their desire to be paid the same.

119. Following Plaintiff complaints, Defendants terminated his employment.

120. Following the class members' complaints, upon information and belief, Defendants retaliated against the class members through, for instance, suspension(s), adjustment in work schedule(s), and/or termination of employment.

121. Defendants have discriminated and retaliated against Plaintiffs because they complained about Defendants' unlawful pay and employment practices in violation of 29 U.S.C. §215(a)(3).

122. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have been damaged.

123. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

124. As a result, Plaintiffs seek a judgment against Defendants for violation of 29 U.S.C. § 215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant relief as follows:

a. Award Plaintiffs an amount to be determined at trial against Defendants for unpaid minimum wages, including unlawful deductions due under the FLSA;

b. Award Plaintiffs liquidated damages against Defendants in the same amount as their unpaid minimum wages;

c. Award Plaintiffs reimbursement of all tip-outs, fees, and all other sums unlawfully paid to Defendants;

d. Award Plaintiffs prejudgment interest on all amounts owed;

e. Conditional certification of this case as a collective action under the FLSA;

f. Award Plaintiffs their reasonable attorneys' fees and costs of litigation under the FLSA; and

g. Award any and such other relief this Court deems just, equitable and proper.

Dated this 25th day of August, 2026.

Respectfully submitted,

***/s/ Alexandra Carmon***

Alexandra Carmon, Esq.
GA Bar No. 326215
Jordan P. Rose, Esq.
GA Bar No. 851471
Anthony J. Hall, Esq.
GA Bar No. 318028
THE LEACH FIRM, P.A.
1560 N. Orange Avenue, Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (321) 594-7316
Email: ahall@theleachfirm.com
Email: acarmon@theleachfirm.com
Email: jrose@theleachfirm.com
Email: yhernandez@theleachfirm.com
***Attorneys for Plaintiff***

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Demand is hereby made for trial by jury on all issues raised by these pleadings.

***/s/ Alexandra Carmon***
Alexandra Carmon, Esq.